## Harry Haynes, Appellee, v. Saline County Coal Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Saline county; the Hon. A. W. LEWIS, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 13, 1917.

### Statement of the Case.

Action by Harry Haynes, plaintiff, against the Saline County Coal Company, a corporation, defendant, to recover damages for personal injuries sustained while working in defendant's coal mine. From a judgment for plaintiff for $2,250, defendant appeals.

WHITLEY & COMBE, for appellant; WARREN NICHOLS, of counsel.

D. F. RUMSEY and J. B. LEWIS, for appellee; H. ROBERT FOWLER, of counsel.

MR. JUSTICE BOGGS delivered the opinion of the court.

### Abstract of the Decision.

1. WORKMEN'S COMPENSATION ACT, § 2*—*when notice by employer of election not to pay compensation is sufficient.* In a personal injury case by a miner against a coal company, where plaintiff offered a certified copy of the notice filed by the defendant with the Industrial Board of its election not to pay compensation, *held* that such notice sufficiently identified the act by its title, and it was therefore sufficient, even though containing an erroneous recital as to the date the act took effect.

2. WORKMEN'S COMPENSATION ACT, § 12*—*when proof of posting of notice of election of employer not to pay compensation is waived.* In the absence of a special plea denying the allegations of the dec-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Haynes v. Saline County Coal Co., 206 Ill. App. 264.

laration that the employer has elected not to pay compensation under the Workmen's Compensation Act, proof as to the execution, filing and posting of notice as to such election is waived.

3. MINES AND MINERALS, § 85*—*what constitutes an unsafe condition of working place of which mine operator has notice.* In a personal injury case by a miner against a coal company, where the injury was caused by falling coal, and where it appeared that a "slip" in the vein of coal was in existence in the room where plaintiff was at work, but unknown to him, and that falls of coal had occurred in several rooms when the slip was reached, and that coal was likely to fall when such slip was reached, *held* that the presence of such slip was sufficiently brought to the notice of defendant and its officers, and that it constituted an unsafe condition, and that the jury were warranted in finding that the defendant was negligent in not bringing such condition to the attention of plaintiff.

4. MINES AND MINERALS, § 188*—*when instruction in action for personal injuries to miner is not erroneous as invading province of jury.* In a personal injury case by a miner against a coal company, where the injury was caused by falling coal, and where it appeared that a "slip" in the vein of coal was in existence in the room where plaintiff was at work, but unknown to him, and that falls of coal had occurred in several rooms when the slip was reached, and that coal was likely to fall when such slip was reached, *held* that an instruction directing the jury that if they believed that at the time of and prior to the injury there existed in the coal a fault or slip of such a character as likely to cause coal to fall, and if such fact was known to the defendant, or could have been known by the exercise of reasonable care and diligence, it was the duty of the defendant to have given warning to the plaintiff, was not open to the objection that it in effect told the jury that the slip in the coal was the proximate cause of the injury and that it was peremptory in character and directed the jury to find that the cause of the accident was the slip in the vein of coal.

5. INSTRUCTIONS, § 81*—*when improper because emphasizing features of evidence.* Instructions calling the attention of the jury to particular features in the evidence, and instructing them that they should give consideration thereto in making up their verdict, are improper.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.